IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL W. MAYNARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-732-GMS |
| | ) |
| SAM HASTINGS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Michael W. Maynard ("Maynard"), a former inmate who was housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware and the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] (D.I. 3.) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Maynard was incarcerated when he filed the complaint. The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

## I. BACKGROUND

Maynard alleges excessive force, denial of medical care, violations of his right to due process, and retaliation. On June 12, 2010, Maynard was housed at the SCI. While he was eating dinner an altercation ensued between Maynard and the defendant C/O Sam Hastings ("Hastings"). Hastings pepper-sprayed and assaulted Maynard, and the defendants John Doe #1

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

("Doe #1") and John Doe #2 ("Doe #2") joined in the assault. Maynard lost consciousness. When he regained consciousness, an unknown prison guard sought to have Maynard examined by medical personnel. Maynard suffered a broken nose, chipped teeth, hearing impairment, chemical burns, and numerous bruises and abrasions to his face. The defendant Nurse Jane Doe ("Nurse Doe") made a visual determination that Maynard did not require medical attention. (D.I. 3, ¶¶ 21-34.)

Following the assault, Maynard was transferred and placed in a "Psych Observation" cell for approximately ten days. While there, he continued to request medical care. On June 15, 2010, the defendant Lt. C/O Blades ("Blades") served Maynard with disciplinary charges for assaulting staff. Blades indicated on the write-up that Maynard was guilty without asking Maynard whether he chose to plead guilty or not guilty. Blades did not ask Maynard if he wanted to present evidence, call any witnesses, or confront his accusers at a disciplinary hearing. In addition, Maynard did not receive a hearing on the charges within 72 hours of being informed of the write-up as required by Department of Correction ("DOC") regulations. Following his release from Psych Observation, Maynard was transferred to the VCC and placed in the Security Housing Unit ("SHU") in punitive isolation for 90 days. He was then transferred to the SHU disciplinary segregation unit where he was housed at the time he filed the instant complaint. (Id. at ¶¶ 35-41.)

Upon his arrival at the VCC, Maynard submitted numerous sick call slips. He was seen by the defendant Dr. Desrosier ("Dr. Desrosier") who scheduled him for an x-ray and referred him to an ear, nose and throat specialist. On January 31, 2011, Maynard was seen by the defendant Dr. Ramsey ("Dr. Ramsey'), an outside medical consultant. Dr. Ramsey found

substantial hearing loss. In addition, he referred Maynard for physical therapy at the VCC. Maynard became agitated during his second appointment with Dr. Ramsey and, as a result, Dr. Ramsey refused to provide further treatment to Maynard. Dr. Desrosier scheduled Maynard for physical therapy on March 1, 2011. The physical therapist determined that Maynard was faking his injuries based upon x-ray findings and concluded there was nothing wrong with Maynard based upon his observations. Subsequently, Maynard has not been scheduled for additional physical therapy. Maynard alleges that Dr. Desrosier would not schedule any more appointments, and refused to treat his injuries or make referrals to those who could treat his injuries. In addition, Maynard alleges that the defendant Medical Director Leslie Sexton ("Sexton"), who is in charge of medical care and arranging medical care outside the prison, failed to provide Maynard with care despite being placed on notice that he was being denied care. (*Id.* at ¶¶ 42-55.) After Maynard submitted several grievances regarding the lack of medical care, his psychiatric medication was arbitrarily withheld. Maynard alleges he was not given the medication in retaliation for submitting the grievances, although he was told the medication was discontinued because he stopped taking it. (*Id.* at ¶¶ 56-57.)

Maynard seeks declaratory and injunctive relief as well as compensatory and punitive damages. Because Maynard is no longer incarcerated, to the extent that he seeks injunctive relief related to his incarceration, the issue is moot.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis*

3

actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Maynard proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

4

must grant Maynard leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Maynard has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Maynard's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

5

## III. DISCUSSION

### A. Due Process

The gist of Maynard's due process claim is that Blades subjected him to disciplinary confinement without due process of law. A prisoner facing the loss of a legally cognizable liberty interest following disciplinary proceedings has a due process right to certain procedural protections, including the opportunity to call witnesses and present documentary evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566-67 (1974). This due process right, however, is not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Maynard was placed in disciplinary confinement for 90 days as a result of his alleged misconduct. There are no allegations that the conditions he faced in disciplinary custody amounted to an "atypical and significant hardship" under *Sandin*. Moreover, our appellate court has held that this type of confinement does not constitute an "atypical and significant hardship." *See Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months in segregation was not an atypical and significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months in disciplinary confinement did not implicate a protected liberty interest).

Because the facts do not give rise to a protected liberty interest, Maynard's due process claims necessarily fail. Therefore, the due process claims against Blades will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. State Actor

Dr. Ramsey, a consulting physician, is named as a defendant. To state a claim under 42 U.S.C. §1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws

of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Dr. Ramsey is a private physician who provided Maynard medical care. The allegations in the complaint do not lead to the conclusion that Dr. Ramsey is "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d. Cir. 2004).

Accordingly, the court will dismiss the claims against Dr. Ramsey as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

## IV. CONCLUSION

For the above reasons, the court will dismiss the claims against Blades, and Dr. Ramsey, as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Maynard will be allowed to proceed with excessive force claims against Hastings, Doe #1, Doe #2; medical needs claims against, Nurse Doe, Dr. Desrosier, Sexton, Unknown Physical Therapist; and a retaliation claim against Unknown Prison Psychiatrist.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Jan 14, 2013
Wilmington, Delaware